UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAPHNE CROSS | CIVIL ACTION |
| VERSUS | NO: 16-11626 |
| CANDICE BATES-ANDERSON, ET AL. | SECTION: "A" (4) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 8)** filed by defendants Daphne Johnson, Lemoyne Reine, and Cody Smith. Plaintiff Daphne Cross (pro se), mother of the minor X.F., opposes the motion. The motion, noticed for submission on September 7, 2016, is before the Court on the briefs without oral argument.

Plaintiff Daphne Cross has filed this § 1983 complaint pro se on behalf of her minor son X.F. According to her complaint, Juvenile Court Judge Candice Bates-Anderson (a defendant herein) presided over X.F.'s case wherein he was placed in the custody of the Bridge City Center for Youth at the age of 15. Plaintiff complains that notwithstanding some prior abuse at Bridge City Center that X.F. had endured in September 2014, the judge decided to keep him there. On June 25, 2015, X.F. was attacked by some other youths and had to be rushed to Children's Hospital to have his ear sewn back on.

Defendant Cody Smith was an employee of Bridge City and the Court gleans from the complaint that Plaintiff believes that Smith lied in Court about X.F.'s case.

Defendant Lemoyne Reine was X.F.'s probation officer, and defendant Daphne Johnson was Reine's supervisor. Plaintiff alleges generally that her son's federal constitutional rights were violated by the defendants acting together.[1]

Defendants Johnson, Reine, and Smith move to dismiss all federal claims against them. They contend that Plaintiff has sued them in their official capacities, and that for purposes of § 1983 they are not "persons" amenable to suit.

The motion must be granted as to these defendants in their official capacities. The well-settled law is that state officials in their official capacities are not "persons" under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). The federal claims against defendants Johnson, Reine, and Smith in their official capacities are dismissed with prejudice.

The question then is whether the complaint must be dismissed in its entirety as to these defendants based on the principles of *Will, supra*. Plaintiff is not explicit in the body of her complaint as to whether she intended to sue the defendants only in their official capacities — it is in the caption of her complaint that she refers to the official capacity of each defendant. The Court is mindful that a document filed pro se is to be liberally construed however "inartfully pleaded," and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Liberally construing the complaint, the factual allegations allow for the inference that Plaintiff did not intend to limit her complaint to defendants in their official capacities only. The Court interprets

---

[1] Plaintiff has also sued Ms. Tenee Felix, X.F.'s attorney. Judge Bates-Anderson and Felix are not movants in this motion.

the complaint as also asserting claims against the defendants in their personal capacities. Plaintiff should not construe this ruling as an indication that the Court believes that she has actually pleaded a colorable claim against any defendant. Rather, the Court finds only that in granting the instant motion the Court need not dismiss the complaint in its entirety as to these defendants.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 8)** filed by defendants Daphne Johnson, Lemoyne Reine, and Cody Smith is **GRANTED** in that all federal claims against these defendants in their official capacities are dismissed.

September 14, 2016

                                          JAY C. ZAINEY
                                  UNITED STATES DISTRICT JUDGE