UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAPHNE CROSS | CIVIL ACTION |
| VERSUS | NO: 16-11626 |
| CANDICE BATES-ANDERSON, ET AL. | SECTION: "A" (4) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 13)** filed by defendant Judge Candice Bates-Anderson. Plaintiff Daphne Cross (pro se), mother of the minor X.F., has not filed an opposition to the motion. The motion, noticed for submission on October 19, 2016, is before the Court on the briefs without oral argument.

Plaintiff Daphne Cross has filed this § 1983 complaint pro se on behalf of her minor son X.F. According to her complaint, Juvenile Court Judge Candice Bates-Anderson presided over X.F.'s case wherein he was placed in the custody of the Bridge City Center for Youth at the age of 15. Plaintiff complains that notwithstanding some prior abuse at Bridge City Center that X.F. had endured in September 2014, the judge decided to keep him there. On June 25, 2015, X.F. was attacked by some other youths and had to be rushed to Children's Hospital to have his ear sewn back on.

Defendant Cody Smith was an employee of Bridge City and the Court gleans from the complaint that Plaintiff believes that Smith lied in Court about X.F.'s case. Defendant Lemoyne Reine was X.F.'s probation officer, and defendant Daphne Johnson

was Reine's supervisor. Plaintiff alleges generally that her son's federal constitutional rights were violated by the defendants acting together.[1]

Defendant Bates-Anderson moves to dismiss all claims against her.

The motion must be granted as to this defendant in her official capacity. The well-settled law is that state officials in their official capacities are not "persons" under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

The motion must also be granted as to claims asserted against this defendant in her personal capacity. It is well-settled that judicial officers enjoy absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993)). The only exceptions to this immunity arise when the acts are nonjudicial in nature or when the judge acts in the complete absence of all jurisdiction. *Id.* (citing *Mireles v. Waco*, 502 U.S. 9 (1991)). Giving the complaint the broadest interpretation, it is clear that the claims against Judge Bates-Anderson derive from actions that she took in her judicial capacity, and that no exception to absolute judicial immunity applies.

Accordingly, and for the foregoing reasons;

---

[1] Plaintiff has also sued Ms. Tenee Felix, X.F.'s attorney.

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 13)** filed by defendant Judge Candice Bates-Anderson is **GRANTED.** All claims against this defendant are dismissed.

October 24, 2016

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE