UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAPHNE CROSS                                                        CIVIL ACTION

VERSUS                                                                    NO: 16-11626

CANDICE BATES-ANDERSON, ET AL.                      SECTION: "A" (4)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 15)** filed by defendant Tenee Felix. Plaintiff Daphne Cross (pro se), mother of X.F., has not filed an opposition to the motion. The motion, noticed for submission on November 2, 2016, is before the Court on the briefs without oral argument.

Plaintiff Daphne Cross has filed this § 1983 complaint pro se on behalf of her son X.F. According to her complaint, Juvenile Court Judge Candice Bates-Anderson (a defendant herein) presided over X.F.'s case wherein he was placed in the custody of the Bridge City Center for Youth at the age of 15. Plaintiff complains that notwithstanding some prior abuse at Bridge City Center that X.F. had endured in September 2014, the judge decided to keep him there. On June 25, 2015, X.F. was attacked by some other youths and had to be rushed to Children's Hospital to have his ear sewn back on.

Defendant Cody Smith was an employee of Bridge City and the Court gleans from the complaint that Plaintiff believes that Smith lied in Court about X.F.'s case. Defendant Lemoyne Reine was X.F.'s probation officer, and defendant Daphne Johnson was Reine's supervisor. Plaintiff alleges generally that her son's federal constitutional rights were violated by the defendants acting together. Plaintiff has also sued the movant herein, Ms.

Tenee Felix, who had been X.F.'s attorney.

Felix now moves to dismiss all claims against her. Several arguments that Felix makes in support of her motion have merit. First, Felix is not amenable to suit as a state actor under § 1983. Felix, a staff attorney at the Louisiana Center for Children's Rights, was appointed by the court to serve as X.F.'s attorney. Public defenders exercising their independent professional judgment in criminal proceedings do not act under color of state law for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 453 (1981). The minimal allegations that Plaintiff makes against Felix fall squarely within the realm of the exercise of her professional judgment.

As to any state law claim for legal malpractice, Felix points out that the allegations in the complaint are insufficient to state a claim for negligence. Moreover, Felix raises a point that no other defendant has raised thus far: It seems that X.F. reached the age of majority shortly <u>before</u> his mother filed this lawsuit. If this assertion is correct, then Plaintiff did not have procedural capacity to sue on X.F.'s behalf when the complaint was filed. None of the allegations in the complaint suggest that any of the causes of action belonged to Plaintiff herself.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 15)** filed by defendant Tenee Felix is **GRANTED**. The Complaint is **DISMISSED** in its entirety as to this defendant.

November 9, 2016

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE