UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAPHNE CROSS | CIVIL ACTION |
| VERSUS | NO: 16-11626 |
| CANDICE BATES-ANDERSON, ET AL. | SECTION: "A" (4) |

## ORDER AND REASONS

The following motions are before the Court: **Motion for Judgment on the Pleadings (Rec. Doc. 23)** filed by defendants Daphne Johnson, Lemoyne Reine, and Cody Smith; **Cross-Motion (Rec. Doc. 24)** filed by Plaintiff, Daphne Cross (pro se), mother of the minor X.F. The motions, submitted on June 28, 2017, are before the Court on the briefs without oral argument.

Plaintiff Daphne Cross has filed this § 1983 complaint pro se on behalf of her minor son X.F. According to her complaint, Juvenile Court Judge Candice Bates-Anderson (a defendant herein) presided over X.F.'s case wherein he was placed in the custody of the Bridge City Center for Youth at the age of 15. Plaintiff complains that notwithstanding some prior abuse at Bridge City Center that X.F. had endured in September 2014, the judge decided to keep him there. On June 25, 2015, X.F. was attacked by some other youths and had to be rushed to Children's Hospital to have his ear sewn back on.

Defendant Cody Smith was an employee of Bridge City and the Court gleans from the complaint that Plaintiff believes that Smith lied in Court about X.F.'s case. Defendant Lemoyne Reine was X.F.'s probation officer, and defendant Daphne Johnson

was Reine's supervisor. Plaintiff alleges generally that her son's federal due process rights were violated by the defendants acting together.[1]

Defendants Johnson, Reine, and Smith previously moved to dismiss all federal claims against them. Their motion was directed solely at the official capacity claims and the Court agreed that for purposes of § 1983 these defendants are not "persons" amenable to suit. (Rec. Doc. 10). *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). The Court therefore dismissed with prejudice the federal claims against defendants Johnson, Reine, and Smith in their official capacities. *Id.*

Defendants Johnson, Reine, and Smith now move for judgment on the pleadings as to the claims, if any, asserted against them in their personal capacities.[2] As to the moving defendants, the Court agrees with their characterization of the Complaint: Cross appears to claim that X.F. was improperly convicted because of Defendants' fault, thereby laying responsibility on them for the abuse and violence that X.F. experienced at the Bridge City Center for Youth. (Rec. Doc. 23-2, Memo in Support at 1). Cross takes issue with the testimony that Smith gave in the juvenile proceedings, and with documents that Reine provided to the court.

The claims against Reine and Smith for their acts in conjunction with X.F.'s trial are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that a civil cause of action does not accrue under § 1983 during the existence of a criminal judgment when success on that cause of action would render the criminal conviction invalid. 312

---

[1] Plaintiff also sued Ms. Tenee Felix, X.F.'s attorney and Judge Bates-Anderson. The claims against them have already been dismissed. (Rec. Docs. 16 & 17).

[2] Plaintiff's complaint expressly states that Defendants are sued in their official capacities. Personal capacity is not mentioned. But the Court gave a liberal reading to the pro se complaint and concluded that Plaintiff meant to sue the defendants in their personal capacities as well. (Rec. Doc. 10).

U.S. at 486-87. The principles of *Heck* apply to allegations of false testimony and evidence tampering. *See Villegas v. Galloway*, 458 Fed. Appx. 334, 337 (5th Cir. 2012) (unpublished).

The claims against Johnson are likewise barred by *Heck* for the same reason. Moreover, under § 1983 supervisory officials are not liable for the acts of their subordinates on any theory of vicarious liability. *Thompkins v. Belt*, 828 F.2d 298, 305 (5th Cir. 1987) (citing *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985)).

In sum, defendants Daphne Johnson, Lemoyne Reine, and Cody Smith are entitled to judgment as a matter of law on the claims asserted against them in their personal capacities.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Judgment on the Pleadings (Rec. Doc. 23)** filed by defendants Daphne Johnson, Lemoyne Reine, and Cody Smith is **GRANTED.** All federal claims against these defendants in their personal capacities are dismissed with prejudice. The Clerk is instructed to enter a final judgment as to all defendants;

**IT IS FURTHER ORDERED** that the **Cross-Motion (Rec. Doc. 24)** filed by Plaintiff, Daphne Cross (pro se) is **DENIED**.

June 28, 2017

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE